## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CERTIFIED MEASUREMENT, LLC, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| v. | : | |
| | : | |
| YOKOGAWA CORPORATION OF | : | **DEMAND FOR JURY TRIAL** |
| AMERICA | : | |
| | : | |
| Defendants. | : | |
| | x | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Certified Measurement, LLC ("Certified Measurement"), a limited liability company existing under the laws of the state of Delaware, with a principal place of business at 2 High Ridge Park, Stamford, Connecticut 06905, alleges the following for its complaint against Defendant Yokogawa Corporation of America ("Yokogawa"), a company with offices at 12530 West Airport Boulevard, Sugar Land, Texas 77478, and incorporated in the state of Delaware:

## NATURE OF THE SUIT

1.     This is a civil action for infringement of United States Patents Nos. 5,828,751 ("the '751 Patent); 6,282,648 ("the '648 Patent"); 6,289,453 ("the '453 Patent); and 8,549,310 ("the '310 Patent), collectively ("the Patents-in-Suit").  This action arises under the laws of the United States related to patents, including 35 U.S.C. § 281.

## PARTIES

2.      Certified Measurement is a limited liability company existing under the laws of the state of Delaware, with a principal place of business at 2 High Ridge Park, Stamford, Connecticut 06905.

3.      Upon information and belief, Yokogawa is incorporated in the state of Delaware, with a principal place of business at 12530 West Airport Boulevard, Sugar Land, Texas 77478.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331 and 1338(a) because this action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

6.      Yokogawa is subject to this Court's specific and general personal jurisdiction due at least to its incorporation in this district, as well as, upon information and belief, regularly doing or soliciting business in this judicial district and committing at least a portion of the infringements alleged herein in this judicial district.

## BACKGROUND

7.      Walker Digital, LLC ("Walker Digital") is a research and development laboratory that invents solutions to large-scale problems for businesses and their customers.  Since its founding, Walker Digital has invested millions of dollars to create what is now a broad portfolio of inventions and businesses.

8.      Walker Digital generated a portfolio of more than 700 United States and international patents in a wide range of industries that include retail, vending, credit cards, security, educational testing, and entertainment.

9.      Walker Digital's inventions have also been the genesis for several successful businesses that led to significant advances in their fields.  These businesses have collectively served more than 100 million consumers, generated billions of dollars in revenue, and created thousands of new jobs.  By way of example, Walker Digital's best-known company, priceline.com, is one of the big success stories of first-generation e-commerce companies, which has been valued at times at a market value of more than $20 billion U.S.

10.     In September 2013, Walker Digital assigned patents in its portfolio, including the Patents-in-Suit, to Inventor Holdings, LLC ("Inventor Holdings") in connection with a corporate restructuring.  Inventor Holdings became a wholly owned subsidiary of Walker Innovation Inc. ("Walker Innovation"), and Walker Digital is a shareholder of Walker Innovation.  Inventor Holdings subsequently assigned the Patents-in-Suit to Certified Measurement, which is a wholly owned subsidiary of Inventor Holdings.

11.     On October 27, 1998, the '751 Patent, entitled "Method and Apparatus for Secure Measurement Certification," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO" or "PTO").  Attached as Exhibit A is a copy of the '751 Patent.

12.     On August 28, 2001, the '648 Patent, entitled "Method and Apparatus for Secure Measurement Certification," was duly and lawfully issued by the USPTO. Attached as Exhibit B is a copy of the '648 Patent.

13.     On September 11, 2001, the '453 Patent, entitled "Method and Apparatus for Secure Measurement Certification," was duly and lawfully issued by the USPTO. Attached as Exhibit C is a copy of the '453 Patent.

14.     On October 1, 2013, the '310 Patent, entitled "Method and Apparatus for Secure Measurement Certification," was duly and lawfully issued by the USPTO. Attached as Exhibit D is a copy of the '310 Patent.

15.     One of the named inventors of the Patents-in-Suit, Jay S. Walker, is one of America's most prolific inventors and entrepreneurs.  Mr. Walker is also the chairman of Walker Innovation.  As an inventor, Mr. Walker is named on more than 450 issued and pending United States and international patents.  As an entrepreneur, Mr. Walker is best known as the founder of priceline.com and the co-founder of Synapse and has twice been named by *Time* magazine as "one of the top 50 business leaders in the digital age."

16.     Another named inventor of the Patents-in-Suit is Dr. Bruce Schneier, an internationally renowned cryptographer and security expert.  Dr. Schneier has been called a "security guru" by *The Economist* and is the author of several books on security topics, computer security, and cryptography, including, but not limited to, *Applied Cryptography*, *Cryptography Engineering*, *Secrets and Lies*, and *Schneier on Security*.

17.     The Patents-in-Suit represent important advances in the field of security and physical measurement acquisition.   The Patents-in-Suit are generally related to

methods and apparatuses for acquiring a physical measurement and creating a cryptographic certification of that measurement.

18.     Certified Measurement is the current owner of the Patents-in-Suit and has the right to sue and recover damages for infringement thereof.

19.     On January 8, 2015, Certified Measurement sent a letter and the Patents-in-Suit to Chet Mroz, President and Chief Executive Officer for Yokogawa, which explained the applicability of the Patents-in-Suit to Yokogawa's products, and offered to hold amicable business discussions and work to negotiate a license on reasonable terms and conditions.

20.     Yokogawa acknowledged receipt of Certified Measurement's letter by way of a letter dated January 15, 2015.

21.     Accordingly, on or about January 8, 2015, Yokogawa had actual knowledge of the Patents-in-Suit and that its activities infringed the Patents-in-Suit.

22.     Further correspondence from Certified Measurement to Yokogawa regarding the Patents-in-Suit was sent on January 16, 2015, April 21, 2015, June 29, 2016, and September 20, 2016.  The parties also communicated to each other via e-mail.

23.     Despite its knowledge of the Patents-in-Suit, Yokogawa continued to infringe the Patents-in-Suit and thus its conduct is willful, with knowledge and intent.

### YOKOGAWA'S INFRINGEMENT OF THE PATENTS-IN-SUIT

24.     All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

25.     The Patents-in-Suit generally apply to methods and apparatuses for acquiring a physical measurement using a sensor and creating a cryptographic certification of that measurement.

26.     Upon information and belief, Yokogawa produces, markets, sells, delivers, and installs supervisory control and data acquisition ("SCADA") systems for various industries, which acquire data in the form of physical measurements (*e.g.*, temperature, pressure, gas leaks, etc.).  Examples of the industries in which Yokogawa produces, markets, sells, delivers, and installs SCADA systems include, but are not limited to, the oil and gas industry.

27.     Upon information and belief, Yokogawa's SCADA systems are produced, marketed, sold, delivered, or installed throughout the United States.

28.     Upon information and belief, Yokogawa makes, uses, offers for sale, sells, and imports (directly or through intermediaries) SCADA systems that are generally designed to operate in the following manner.  A sensor device (*e.g.*, the EJX, YTA, and GS series Field Wireless Devices) of the SCADA system collects a physical measurement (*e.g.*, temperature, pressure, or gas leak data).  Data relating to the physical measurement is sent from the sensor device to other units of the SCADA system (*e.g.*, Field Wireless Access Point, Field Wireless Management Station, Stardom FCN-RTU). As part of the transmission, the physical measurement data is processed, including being time-stamped and encrypted.

29.     Upon information and belief, Yokogawa SCADA systems, including but not limited to those utilizing Yokogawa's Fast/Tools™ system, along with various RTUs

and field devices (*e.g.*, Stardom FCN-RTU and Field Wireless Devices), infringes one or more claims of each of the Patents-in-Suit.   These systems acquire a physical measurement, which is time-stamped, and a cryptographic operation is performed thereon.

30.   For example, upon information and belief, Yokogawa's FCN-RTUs collect data from the Field Wireless Devices, such as temperature or pressure data.  This data is time-stamped, so as to create an augmented measurement.

31.   Upon information and belief, the FCN-RTUs are configured to provide corroborative datum indicative of an operating condition of the device, such as self-diagnosis information.

32.   Upon information and belief, FCN-RTUs have a 32-bit RISC processor and a memory/buffer.

33.   Upon information and belief, the FCN-RTUs are configured to provide time-stamped physical measurements and diagnostic status to a central SCADA station.

34.   Upon information and belief, the FCN-RTUs are configured to perform cryptographic operations on the augmented data via, for example, communication under the DNP3 protocol.   The DNP3 protocol utilizes error checking, such as a cyclic redundancy check, which is identified in the Patents-in-Suit as constituting a "cryptographic operation."   Upon information and belief, the DNP3 communication of the FCN-RTUs include additional cryptographic operations, such as device IDs and data encryption.

35.    Upon information and belief, Yokogawa infringes by making, using, offering for sale, selling, and importing (directly or through intermediaries) Field Wireless Devices (*e.g.* the EJX, YTA, and GS series Field Wireless Devices) as part of Yokogawa's SCADA system.

36.    Upon information and belief, the Field Wireless Devices contain sensors, such as temperature and/or pressure.

37.    Upon information and belief, the Field Wireless Devices contain a time generator that is capable of determining and transmitting a representation of time.

38.    Upon information and belief, the Field Wireless Devices contain a signal generator for outputting a signal and a CPU assembly that includes a processor and a memory.

39.    Upon information and belief, the CPU assembly of the Field Wireless Devices is coupled to acquire sensor measurements of physical measurements, like temperature or pressure.

40.    Upon information and belief, the CPU assembly of the Field Wireless Devices is coupled to acquire a representation of a time from a time generator.

41.    Upon information and belief, the CPU assembly of the Field Wireless Devices is coupled to acquire corroborative data indicative of an operating condition of the device, such as diagnostic status data.

42.    Upon information and belief, the Field Wireless Devices are configured to form an augmented measurement, such as by combining data of the physical measurements with a representation of time in the form of a time-stamp.

43.     Upon information and belief, the Field Wireless Devices are configured to form an augmented measurement, such as by combining data of the physical measurements, corroborative data (*e.g.*, a diagnostic status), and a representation of time in the form of a time-stamp.

44.     Upon information and belief, the Field Wireless Devices are configured to perform a cryptographic operation on at least a portion of the augmented measurement to form a certified or certifiable measurement.  For example, upon information and belief, the Field Wireless Devices transmit the augmented measurement using the ISA100.11a communication protocol, and encrypt the transmission using 128-bit encryption.

## COUNT I
## (Infringement Of U.S. Patent No. 5,828,751)

45.     All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

46.     Upon information and belief, Yokogawa has directly infringed and continues to directly infringe the '751 Patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale, selling, and importing (directly or through intermediaries) various SCADA systems such as, for example, its Fast/Tools™ SCADA system and related devices.

47.     In addition, upon information and belief, Yokogawa has actively induced, and continues to actively induce others, such as end users of its SCADA systems, to directly infringe the '751 Patent in violation of 35 U.S.C. § 271(b).  Upon information and belief, Yokogawa encourages, aids, and abets its SCADA customers to practice the

technology claimed in the '751 Patent in violation thereof, with knowledge of the '751 Patent and with knowledge of the customers' resultant infringement or with willful blindness as to the infringement.

48.    For example, upon information and belief, with knowledge of the '751 Patent as described above, Yokogawa has and continues to provide instructions to customers to use the foregoing SCADA systems to take field measurements, time-stamp those measurements, and send the resultant data to other SCADA devices or to a SCADA host in an encrypted manner, or after a cryptographic operation is performed on the data. Upon information and belief, such instructions are provided by way of various Yokogawa materials including, but not limited to, its advertising, informational brochures, sales materials, and other documentation or verbal statements provided to its SCADA customers.  Through such communications, Yokogawa specifically intends to induce infringing activity by its customers.

49.    Upon information and belief, Yokogawa SCADA systems, including but not limited to those utilizing Yokogawa's Fast/Tools™ system, along with various RTUs and field devices (*e.g.*, Stardom FCN-RTU and Field Wireless Devices), directly or indirectly infringe at least claim 57 of the '751 Patent by performing the functions alleged herein.

50.    Yokogawa has been on notice of the '751 Patent, and their acts of infringement will be willful and deliberate.  This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT II

### (Infringement Of U.S. Patent No. 6,282,648)

51.     All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

52.     Upon information and belief, Yokogawa has directly infringed and continues to directly infringe the '648 Patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale, selling, and importing (directly or through intermediaries) various SCADA systems such as, for example, its Fast/Tools™ SCADA system and related devices.

53.     In addition, upon information and belief, Yokogawa has actively induced, and continues to actively induce others, such as end users of its SCADA systems, to directly infringe the '648 Patent in violation of 35 U.S.C. § 271(b).  Upon information and belief, Yokogawa encourages, aids, and abets its SCADA customers to practice the technology claimed in the '648 Patent in violation thereof, with knowledge of the '648 Patent and with knowledge of the customers' resultant infringement, or with willful blindness as to the infringement.

54.     For example, upon information and belief, with knowledge of the '648 Patent as described above, Yokogawa has and continues to provide instructions to customers to use the foregoing SCADA systems to take field measurements, time-stamp those measurements, and send the resultant data to other SCADA devices or to a SCADA host in an encrypted manner, or after a cryptographic operation is performed on the data. Upon information and belief, such instructions are provided by way of various Yokogawa

materials including, but not limited to, its advertising, informational brochures, sales materials, and other documentation or verbal statements provided to its SCADA customers. Through such communications, Yokogawa specifically intends to induce infringing activity by its customers.

55.    Upon information and belief, Yokogawa SCADA systems, including but not limited to those utilizing Yokogawa's Fast/Tools™ system, along with various RTUs and field devices (*e.g.*, Stardom FCN-RTU and Field Wireless Devices), directly or indirectly infringe at least claim 141 of the '648 Patent by performing the functions alleged herein in a tamper-resistant manner.

56.    Yokogawa has been on notice of the '648 Patent, and their acts of infringement will be willful and deliberate. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT III
### (Infringement Of U.S. Patent No. 6,289,453)

57.    All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

58.    Upon information and belief, Yokogawa has directly infringed and continues to directly infringe the '453 Patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale, selling, and importing (directly or through intermediaries) various SCADA systems such as, for example, its Fast/Tools™ SCADA system and related devices.

59.     In addition, upon information and belief, Yokogawa has actively induced, and continues to actively induce others, such as end users of its SCADA systems, to directly infringe the '453 Patent in violation of 35 U.S.C. § 271(b).   Upon information and belief, Yokogawa encourages, aids, and abets its SCADA customers to practice the technology claimed in the '453 Patent in violation thereof, with knowledge of the '453 Patent and with knowledge of the customers' resultant infringement, or with willful blindness as to the infringement.

60.     For example, upon information and belief, with knowledge of the '453 Patent as described above, Yokogawa has and continues to provide instructions to customers to use the foregoing SCADA systems to take field measurements, time-stamp those measurements, and send the resultant data to other SCADA devices or to a SCADA host in an encrypted manner, or after a cryptographic operation is performed on the data. Upon information and belief, such instructions are provided by way of various Yokogawa materials including, but not limited to, its advertising, informational brochures, sales materials, and other documentation or verbal statements provided to its SCADA customers.   Through such communications, Yokogawa specifically intends to induce infringing activity by its customers.

61.     Upon information and belief, Yokogawa SCADA systems, including but not limited to those utilizing Yokogawa's Fast/Tools™ system, along with various RTUs and field devices (*e.g.*, Stardom FCN-RTU and Field Wireless Devices), directly or indirectly infringe at least claim 19 of the '453 Patent by performing the functions alleged herein.

62.     Yokogawa has been on notice of the '453 Patent, and their acts of infringement will be willful and deliberate.  This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT IV
### (Infringement Of U.S. Patent No. 8,549,310)

63.     All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

64.     Upon information and belief, Yokogawa has directly infringed and continues to directly infringe the '310 Patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale, selling, and importing (directly or through intermediaries) various SCADA systems such as, for example, its Fast/Tools™ SCADA system and related devices.

65.     In addition, upon information and belief, Yokogawa has actively induced, and continues to actively induce others, such as end users of its SCADA systems, to directly infringe the '310 Patent in violation of 35 U.S.C. § 271(b).  Upon information and belief, Yokogawa encourages, aids, and abets its SCADA customers to practice the technology claimed in the '310 Patent in violation thereof, with knowledge of the '310 Patent and with knowledge of the customers' resultant infringement, or with willful blindness as to the infringement.

66.     For example, upon information and belief, with knowledge of the '310 Patent as described above, Yokogawa has and continues to provide instructions to customers to use the foregoing SCADA systems to take field measurements, time-stamp

those measurements, and send the resultant data to other SCADA devices or to a SCADA host in an encrypted manner, or after a cryptographic operation is performed on the data. Upon information and belief, such instructions are provided by way of various Yokogawa materials including, but not limited to, its advertising, informational brochures, sales materials, and other documentation or verbal statements provided to its SCADA customers. Through such communications, Yokogawa specifically intends to induce infringing activity by its customers.

67.    Upon information and belief, Yokogawa SCADA systems, including but not limited to those utilizing Yokogawa's Fast/Tools™ system, along with various RTUs and field devices (*e.g.*, Stardom FCN-RTU and Field Wireless Devices), directly or indirectly infringe at least claim 14 of the '310 Patent by performing the functions alleged herein.

68.    Yokogawa has been on notice of the '310 Patent, and their acts of infringement will be willful and deliberate. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Certified Measurement demands judgment as follows:

A.    an order adjudging the Patents-in-Suit valid;

B.    an order adjudging Yokogawa to have directly and indirectly infringed the Patents-in-Suit, either literally or under the doctrine of equivalents;

C.    an award of damages adequate to compensate Certified Measurement for the infringement by Yokogawa, along with prejudgment and postjudgment interest and

costs, but in no event less than a reasonable royalty, such damages to be trebled pursuant to the provision of 35 U.S.C. § 284;

D.     a judgment holding this case to be exceptional, and an award of Certified Measurement's reasonable attorney fees and expenses pursuant to the provisions of 35 U.S.C. § 285;

E.     an award of Certified Measurement's costs; and

F.     such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Certified Measurement hereby demands a jury trial on all issues so triable raised in this action.

Dated: December 8, 2016                                    Respectfully submitted,

Of Counsel:                                                FARNAN LLP

Stephen F. Roth                          /s/ Michael J. Farnan
Aaron S. Eckenthal                       Brian E. Farnan (Bar No. 4089)
Andrew T. Lane                           Michael J. Farnan (Bar No. 5165)
LERNER, DAVID, LITTENBERG,               919 North Market Street, 12th Floor
KRUMHOLZ & MENTLIK, LLP                  Wilmington, DE 19801
600 South Avenue West                    Tel:     (302) 777-0300
Westfield, NJ 07090 1497                 Fax:     (302) 777-0301
Tel:     908.654.5000                    bfarnan@farnanlaw.com
Fax:     908.654.7866                    mfarnan@farnanlaw.com
sroth@lernerdavid.com
 litigation@lernerdavid.com              *Attorneys for Plaintiff*
                                         *Certified Measurement, LLC*